IN THE UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORAN INDUSTRIES, INC. | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6204 |
| | ) | |
| NORTHEAST GEORGIA | ) | Electronically Filed Document |
| AUTOMOTIVE REPAIR GROUP, LLC, | ) | |
| DEREK PARDUE, | ) | |
| JAMES BRADLEY MCCLUNG, | ) | |
| And SAMUEL LORIN, | ) | |
|     Defendants | ) | |

ANSWER OF NORTHEAST GEORGIA AUTOMOTIVE REPAIR GROUP, LLC

COMES NOW, Northeast Georgia Automotive Repair Group, LLC, Defendant herein, who answers the Plaintiff's complaint as follows:

FIRST DEFENSE

Venue is improper as to this defendant.

SECOND DEFENSE

Jurisdiction as to this defendant is lacking as the case in controversy does not exceed $75,000.00.

THIRD DEFENSE

The Plaintiff's claims, in whole or in part, are barred by the doctrine of estoppel.

FOURTH DEFENSE

The Plaintiff's claims, in whole or in part, are barred by waiver.

FIFTH DEFENSE

The Plaintiff's claims are barred in whole or in part by the doctrine of detrimental reliance.

SIXTH DEFENSE

The Plaintiff's damages, if any there be, were caused by its own conduct.

SEVENTH DEFENSE

The Plaintiff's claim fails to state a claim for which relief may be granted against this Defendant.

EIGHTH DEFENSE

In specifically answering the enumerated paragraphs of the Plaintiff's complaint, the Defendant states as follows:

1.

Paragraph 1 is precatory in nature and does not require a response. To the extent a response is deemed to be required, the Defendant denies all allegations contained therein.

2.

Paragraph 2 is precatory in nature and does not require a response. To the extent a response is deemed to be required, the Defendant denies all allegations contained therein.

3.

Admitted.

4.

The Defendant admits only that Northeast Georgia is a Georgia limited liability company, and denies all other allegations contained in paragraph 4.

5.

The Defendant admits only that Derek Pardue is a citizen of Georgia and denies all other allegations contained in paragraph 5.

6.

The Defendant admits only that James B. McClung is a citizen of Georgia and denies all other allegations contained in paragraph 6.

7.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 7 and the same are therefore denied.

8.

Denied.

9.

Admitted.

10.

Denied.

11.

Admitted.

12.

Admitted.

13.

Admitted.

14.

Admitted.

15.

Admitted.

16.

Admitted.

17.

Admitted.

18.

Admitted.

19.

The Defendant admits only that McClung and Pardue signed the guaranty, and states further that the guaranty speaks for its self. All other allegations contained in paragraph 19 are denied.

20.

Admitted.

21.

The Defendant denies the allegations contained in paragraph 21 as pleaded and states that the agreements speak for themselves.

22.

The Defendant denies the allegations contained in paragraph 22 as pleaded and states that the agreements speak for themselves.

23.

The Defendant denies the allegations contained in paragraph 23 as pleaded and states that the agreements speak for themselves.

24.

The Defendant denies the allegations contained in paragraph 24 as pleaded and states that the agreement speaks for it's self.

25.

The Defendant denies the allegations contained in paragraph 25 as pleaded and states that the agreement speaks for it's self.

26.

The Defendant denies the allegations contained in paragraph 26 as pleaded and states that the agreement speaks for it's self.

27.

The Defendant admits that the telephone numbers were assigned to the business, but cannot admit or deny their use beyond the date of the sale of the business to Lorin. Any allegation contained in paragraph 27 not specifically admitted are denied.

28.

Denied as pleaded.

29.

Denied as pleaded.

30.

The Defendant admits that the road signs and building signs were erected, but cannot admit or deny their use beyond the date of the sale of the business to Lorin. Any allegation contained in paragraph 30 not specifically admitted are denied.

31.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 32, and the same are therefore denied.

32.

Admitted.

33.

Admitted.

34.

Admitted.

35.

Admitted.

36.

Denied as pleaded.

37.

The Defendant denies the allegations contained in paragraph 37 as pleaded and states that the agreement speaks for it's self.

38.

The Defendant admits the transfer, but denies that the transfer was without the consent of Moran, which consent was specifically given. The Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 38 and the same are therefore denied.

39.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 39 and the same are therefore denied.

40.

Denied.

41.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 41 and the same are therefore denied.

42.

This defendant admits only that it received such a notice on behalf of Northeast Georgia, but denies all other allegations contained in paragraph 42.

43.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 43 and the same are therefore denied.

44.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 44 and the same are therefore denied.

COUNT I – BREACH OF FRANCHISE AGREEMENT

(Against all Defendants)

45.

The Defendant restates and incorporates herein by reference the preceding paragraphs of his answer as if specifically pleaded herein.

46.

Denied.

47.

Denied.

48.

Denied.

## COUNT II – BREACH OF CONFIDENTIALITY AGREEMENT

(Against Defendant Lorin)

49.

The Defendant restates and incorporates herein by reference the preceding paragraphs of his answer as if specifically pleaded herein.

50.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 50 and the same are therefore denied.

51.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 51 and the same are therefore denied.

52.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 52 and the same are therefore denied.

## COUNT III – TORITOUS INTERFERANCE WITH CONTRACTUAL RELATIONSHIP

(Against Defendant Lorin)

53.

The Defendant restates and incorporates herein by reference the preceding paragraphs of his answer as if specifically pleaded herein.

54.

The Defendant states that the agreement speaks for itself, and all other allegations contained in paragraph 54 are denied.

55.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 55 and the same are therefore denied.

56.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 56 and the same are therefore denied.

57.

Denied.

58.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 58 and the same are therefore denied.

COUNT IV – INFRINGEMENT

(Against Defendant Lorin)

59.

The Defendant restates and incorporates herein by reference the preceding paragraphs of his answer as if specifically pleaded herein.

60.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 60 and the same are therefore denied.

61.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 61 and the same are therefore denied.

62.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 62 and the same are therefore denied.

63.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 63 and the same are therefore denied.

COUNT V – TRADEMARK DILUTION

(Against Defendant Lorin)

64.

The Defendant restates and incorporates herein by reference the preceding paragraphs of his answer as if specifically pleaded herein.

65.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 65 and the same are therefore denied.

66.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 66 and the same are therefore denied.

67.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 67 and the same are therefore denied.

68.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 68 and the same are therefore denied.

69.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 69 and the same are therefore denied.

## COUNT VII – COMMON LAW INFRINGEMENT

(Against Defendant Lorin)

70.

The Defendant restates and incorporates herein by reference the preceding paragraphs of his answer as if specifically pleaded herein.

71.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 71 and the same are therefore denied.

72.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 72 and the same are therefore denied.

73.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 73 and the same are therefore denied.

74.

## COUNT VIII – COMMON LAW UNFAIR COMPETITION

(Against Defendant Lorin)

75.

The Defendant restates and incorporates herein by reference the preceding paragraphs of his answer as if specifically pleaded herein.

76.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 76 and the same are therefore denied.

77.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 77 and the same are therefore denied.

78.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 78 and the same are therefore denied.

COUNT IX – VIOLATION OF ILLINOIS TRADE SECRETS ACT

(Against all Defendants)

79.

The Defendant restates and incorporates herein by reference the preceding paragraphs of his answer as if specifically pleaded herein.

80.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 80 and the same are therefore denied.

81.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 81 and the same are therefore denied.

82.

Denied.

83.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 83 and the same are therefore denied.

84.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 84 and the same are therefore denied.

85.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 85 and the same are therefore denied.

86.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 86 and the same are therefore denied.

COUNT X – INJUNCTION

(Against Defendant Lorin)

87.

The Defendant restates and incorporates herein by reference the preceding paragraphs of his answer as if specifically pleaded herein.

88.

Admitted.

89.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 89 and the same are therefore denied.

90.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 90 and the same are therefore denied.

91.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 91 and the same are therefore denied.

92.

The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 92 and the same are therefore denied.

NINETH DEFENSE

All allegations contained in the Plaintiff's complaint not specifically admitted herein are hereby denied.

WHEREFORE, the Defendant prays:

1. That this matter be dismissed as to this Defendant for want of venue;

2. Alternatively, that trial be had and verdict entered in favor of the Defendant;

3. That all costs be cast upon the Plaintiff; and

4. That this Court award such other relief as it deems proper.

This 11th day of March, 2008.

/S/ James B. McClung
James B. McClung,
State Bar of Georgia, No. 483678

6 Concourse Parkway
Suite 2000
Phone (770) 393-8900
Facsimile (770) 392-0367
Email bmcclung@spoonerlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORAN INDUSTRIES, INC. )<br>Plaintiff, )<br> )<br>v. )<br> )<br>NORTHEAST GEORGIA )<br>AUTOMOTIVE REPAIR GROUP, LLC, )<br>DEREK PARDUE, )<br>JAMES BRADLEY MCCLUNG, )<br>And SAMUEL LORIN, )<br>Defendants ) | Case No. 07 C 6204 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served upon opposing counsel a true and correct copy of the foregoing ANSWER OF NORTHEAST GEORGIA AUTOMOTIVE REPAIR GROUP, LLC by ECF as to all ECF users, and by depositing a copy of same in the US Mail with adequate postage affixed to assure delivery to the following unrepresented party of record at their offices or other places of business:

Derek Pardue
509 Avalon Road
Thomaston, GA 30286

This 11th day of March, 2008.

/S/James B. McClung
James B. McClung,
State Bar of Georgia, No. 483678

6 Concourse Parkway
Suite 2000
Phone (770) 393-8900
Facsimile (770) 392-0367
Email bmcclung@spoonerlaw.com