**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MORAN  INDUSTRIES, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **NORTHEAST GEORGIA** ) | **No.    07-cv-6204** |
| **AUTOMOTIVE REPAIR GROUP LLC** ) | |
| **DEREK PARDUE,** ) | **Judge William J. Hibbler** |
| **JAMES BRADLEY MCCLUNG,** ) | |
| **SAMUEL LORIN, INNER CITY AUTO** ) | |
| **REPAIR LLC** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Moran Industries, Inc., by its attorneys, and as and for its Complaint for Damages and Injunctive Relief against defendants Northeast Georgia Automotive Repair Group LLC, Derek Pardue, James Bradley McClung, Samuel Lorin and Inner City Auto Repair LLC, states as follows:

## NATURE OF THE ACTION

1.      This is an action for breach of contract, tortuous interference with contractual relations, trademark infringement under the trademark laws of the United States, trademark dilution, unfair competition, common law infringement, violations of the Illinois Trade Secrets Act and injunction brought by Moran Industries, Inc. ("Moran") against franchisees and their co-conspirators who are unlawfully operating an unauthorized franchise business in Winder, Georgia.

1

2.      By this action, and consistent with the terms of the parties' agreements, Moran seeks injunctive relief enjoining defendants' wrongful and unlawful use of Moran's federally registered trademarks and unlawful competition, damages in amounts equal to past due royalty and advertising fund contributions, damages stemming from defendants' breaches of contracts, lost future royalties, and an award of its costs and expenses incurred in connection with this action, as provided for by statute and the parties' agreements.  Moran also seeks damages caused by certain defendants' tortious interference with Moran's contractual relationships and misappropriation of trade secrets, together with an award of punitive damages in an amount sufficient to deter such tortious conduct in the future.

## PARTIES

3.      Moran is an Illinois corporation with its principal place of business in Midlothian, Illinois.  Moran is the franchisor of specialized transmission service centers known as "Mr. Transmission Service Centers" and of general automotive repair centers known as "Milex Tune Up & Brake Service Centers."

4.      Defendant, Northeast Georgia Automotive Repair Group, LLC ("Northeast Georgia"), is a Georgia limited liability company, with its principal place of business located at 2700 Bragleton Hwy, Suite 10-129, Dacula, Georgia 30019.

5.      Defendant, Derek Pardue ("Pardue") is a resident and citizen of the state of Georgia, with an address of 1517 Grove Arbor Terrace, Dacula, Georgia 30019.

6.      Defendant James Bradley McClung ("McClung") is a resident and citizen in the state of Georgia, with an address of 1742 Bakers Mill Road, Dacula, Georgia 30019.

7.      Defendant Samuel Lorin is a resident and citizen of the state of New York, with an address of 1539 Remson Avenue, Brooklyn, New York 11236.

8.     Defendant Inner City Auto Repair LLC is a Georgia limited liability company located at 43 Piedmont Road, Winder, Georgia 30680.  Defendant Samuel Lorin is a member and organizer of Defendant Inner City Auto Repair LLC.  As used herein, "Lorin" shall mean defendants Samuel Lorin and Inner City Auto Repair LLC collectively.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter in this civil action pursuant to 28 U.S.C. § 1332(a) in that the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 in that the action arises in part under the laws of the United States of America, specifically the Lanham Act, 15 U.S.C. §1051 *et seq*.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## THE MORAN INDUSTRIES FRANCHISE SYSTEM

12.     At all times referred to herein, Moran was engaged in business as a franchisor of specialized transmission service centers known as "Mr. Transmission/Milex Service Centers."

13.     Mr. Transmission is a retail store concept that specializes in the installation and servicing of automobile transmissions, and sales of related products and services.

14.     Milex is a retail store concept that specializes in general automotive repair services, and sales of related products and services.

15.     All Mr. Transmission and Milex shops are operated with standard formats, designs, systems, methods, specifications and procedures.

16.     Moran owns the trademarks, service marks and trade names "Mr. Transmission," "Milex" and other related trademarks, service marks, trade names, trade dress, copyrights, labels, designs, symbols and distinctive logos (the "Proprietary Marks").  The "Mr. Transmission" and "Milex" marks have been registered by Moran on the Principal Register of the United States Patent and Trademark Office with Registration Nos. 0917866, 1602864 and 1610120.

17.     Moran uses, promotes, and licenses the service mark "Mr. Transmission" and "Milex" and associated logos and has developed a unique and particular plan of operation.  The Proprietary Marks have been used exclusively by Moran and its franchisees in connection with the operation of Mr. Transmission/Milex Service Centers.

18.     Moran's Franchisees are also licensed to use Moran's propriety business system, procedures, standards and specifications for operations, all of which are disclosed to Moran's franchisees in confidence through a propriety operations manual (the "Operations Manual").

## THE FRANCHISED BUSINESS

19.     On or around August 5, 2002, Northeast Georgia entered into a franchise agreement with Moran (the "Franchise Agreement") pursuant to which Northeast Georgia obtained the right and undertook the obligation to operate a Mr. Transmission franchise located at 43 Piedmont Drive, Winder, Georgia 30680 (the "Franchise Business").  A true and correct copy of the Franchise Agreement is attached as Exhibit "A".

20.     On or around August 5, 2002, Pardue and McClung executed a guaranty (the "Guaranty") pursuant to which they agreed to personally perform all of Northeast Georgia's obligations contained within the Franchise Agreement in the event Northeast Georgia failed to pay, perform or satisfy its obligations under the Franchise Agreement.  A true and correct copy of the Guaranty is attached as Exhibit "B".

4

21.     On or about October 5, 2004, Northeast Georgia entered into a Mr. Transmission/ Milex Tune Up & Brakes Co-Branding franchise addendum (the "Addendum"), pursuant to which Northeast Georgia obtained the right and undertook the obligation to operate a co-branded Mr. Transmission/Milex Tune Up and Brakes franchise at the location of the Franchise Business. A true and correct copy of the Addendum is attached as Exhibit "C".

22.     Under Section 11 of the Franchise Agreement and Section 5 of the Addendum, Northeast Georgia agreed to pay to Moran an ongoing weekly royalty fee equal to 7% of the gross sales of the Franchise Business.

23.     Under Section 16 of the Franchise Agreement and Section 6 of the Addendum, Northeast Georgia agreed to participate in the Mr. Transmission National Warranty Program (the "Mr. Transmission Warranty Program") and the Milex National Warranty Program (the "Milex Warranty Program"), under which Northeast Georgia was required to honor any Mr. Transmission or Milex warranty presented by any customer of the Franchise Business.  To obtain the benefits of the Mr. Transmission Warranty Program or Milex Warranty Program, a customer need only produce a Mr. Transmission or Milex work order.

24.     Under Section 17 of the Franchise Agreement and Section 5 of the Addendum, Northeast Georgia agreed to participate and contribute a total of $150 to the Mr. Transmission and Milex creative advertising funds (collectively, the "Advertising Fund").

25.     Under Section 21 of the Franchise Agreement, Northeast Georgia agreed that the Franchise Business may only be transferred to a third party purchaser provided: (i) Moran approves the transfer; (ii) the purchaser executes Moran's then current form of franchise agreement; (iii) the purchaser successfully completes Moran's required training; and (iv) the

purchaser or Northeast Georgia pays Moran its then current franchise transfer fee (the "Transfer Fee").

26.    Furthermore, under Section 21 of the Franchise Agreement, Northeast Georgia agreed to remain obligated to Moran for all of the third party purchaser's debts to Moran for a period of one year from the date of transfer (the "Guarantee Period").  Upon a default by the third party purchaser, the Guarantee Period shall be extended for an additional one-year period from the date of default.

27.    Under Section 26, the Northeast Georgia agreed to pay Moran all reasonable costs and expenses, including, but not limited to, attorney's fees and court costs, incurred by Moran in connection with any legal proceeding involving the enforcement of the terms of and obligations arising under the Franchise Agreement.

28.    Since June 2003, the telephone numbers (770) 586-0474 and (770) 867-2247 (the "Telephone Numbers") have been used in connection with the operation of the Franchise Business and have been advertised in the local telephone directory under Moran's federally registered Proprietary Marks.  A true and correct copy of the telephone listing is attached as Exhibit "D".

29.    Since June 2003, Northeast Georgia has issued customers of the Franchise Business warranties under the Mr. Transmission Warranty Program.

30.    Since October 2004, Northeast Georgia has issued customers of the Franchise Business warranties under the Milex Warranty Program.

31.    Since June 2003, road and building signs utilizing Moran's Proprietary Marks have been used in connection with the operation of the Franchise Business.  A true and correct copy of the signage of the Franchise Business is attached as Exhibit "E".

**SALE OF THE FRANCHISE BUSINESS TO DEFENDANT LORIN**

32.    On or about June 27, 2005, Northeast Georgia informed Moran that it planned to sell the Franchise Business. To assist in the sale, Moran sent Northeast Georgia a re-sale package containing a sales listing agreement authorizing Moran to assist Northeast Georgia to locate a purchaser for the Franchise Business, as well as a reiteration of Moran's requirements for transfers under Section 21 of the Franchise Agreement.

33.    On or around August, 15, 2006, Northeast Georgia notified Moran that Lorin was interested in purchasing the Franchise Business.

34.    On or around August 15, 2006, Lorin was disclosed with Moran's then current Uniform Franchise Offering Circular ("UFOC").

35.    In consideration of Moran's disclosure of the UFOC, on or about August 22, 2006, Lorin executed a confidentiality and non-disclosure agreement (the "Confidentiality Agreement") pursuant to which he agreed not to use or disclose Moran's confidential or proprietary information for any purpose other than in contemplation of the purchase of a Mr. Transmission/Milex franchise. A true and correct copy of the confidentiality and non-disclosure agreement is attached as Exhibit "F".

36.    On or about August 24, 2006, Lorin submitted to Moran a franchise application (the "Lorin Application") seeking Moran's consent of his purchase of the Franchise Business. A true and correct copy of the Lorin Application (except that Mr. Lorin's social security number has been redacted) is attached hereto as Exhibit "G".

37.    On or around August 25, 2006, Moran granted preliminary approval of the Lorin Application, subject to Lorin: (i) paying Moran's then current franchise transfer fee; (ii)

executing Moran's then current form of franchise agreement; and (iii) completing Moran's required training.

## BREACH OF AGREEMENT AND LORIN'S UNLAWFUL AND UNAUTHORIZED OPERATION OF THE FRANCHISED BUSINESS

38.     Section 21(d) of the Franchise Agreement provides that Moran will approve a transfer of the Franchise Business upon: (i) the purchaser's execution of Moran's then current form of franchise agreement; (ii) Northeast Georgia's payment of all outstanding royalty and Advertising Fund payments owed under the Franchise Agreement; (iii) Northeast Georgia or the purchaser's payment of the Transfer Fee; (iv) the purchaser's completion of Moran's required training; and (iv) Northeast Georgia's managers' execution of a general release.

39.     Upon information and belief, on or about August 28, 2006, Northeast Georgia transferred the Franchise Business to Lorin without Moran's consent, who is currently operating an unauthorized Franchise Business as an independent transmission and automotive repair shop under the name "Inner City Auto Repair" (the "Competing Business"), utilizing Moran's Propriety Marks, business systems, standards and specifications and is still using the Telephone Numbers which were extensively advertised with Moran's trademark.

40.     Prior to the transfer of the assets of the Franchise Business to Lorin, Lorin refused to pay the Transfer Fee, execute Moran's current form of franchise agreement, and complete Moran's required training.

41.     As the Franchise Agreement was not transferred in accordance with Section 21(d) of the Franchise Agreement, Moran has not released Northeast Georgia, Pardue or McClung from their obligations under the Franchise Agreement.

42.     Upon information and belief, Lorin is utilizing Mr. Transmission work orders, entitling customers of the Competing Business to the benefits of the Mr. Transmission Warranty

Program and the Milex Warranty Program.    Attached hereto as Exhibit "H" are Mr. Transmission work orders Lorin issued to customers of the Competing Business.

43.    On or about December 6, 2006, Moran informed Northeast Georgia, Pardue and McClung that Northeast Georgia was in violation of the Franchise Agreement by transferring the Franchise Business without Moran's authorization and demanded that Northeast Georgia retake possession of the Franchise Business.

44.    On or about December 6, 2006, Moran informed Lorin that he was infringing upon Moran's Propriety Marks by his unauthorized use of Moran's Propriety Marks, business systems and Telephone Numbers in his operation of the Competing Business.

45.    Since the transfer of the assets of the Franchise Business to Lorin, despite Moran's numerous requests and communications, Lorin has refused and continues to refuse to execute Moran's current form of franchise agreement, attend Moran's training or pay the Transfer Fee, and continues to operate the Competing Business using the Telephone Numbers, Proprietary Marks and Moran's business systems in violation of Moran's rights.

<u>**COUNT I - BREACH OF FRANCHISE AGREEMENT**</u>
**(Against Defendants Northeast Georgia, Pardue and McClung)**

46.    Paragraphs 1 through 45 above are hereby incorporated by reference as if fully set forth herein.

47.    Northeast Georgia's unauthorized transfer of the Franchise Business renders it unable to comply with its obligations under the Franchise Agreement.

48.    Despite Moran's demands, Northeast Georgia, Pardue and McClung have refused to cure such default by retaking possession of the Franchise Business or recommencing operations at another location.

49.     As a direct and proximate result of Northeast Georgia's unauthorized transfer of the Franchise Business, Moran has suffered and will suffer damages in an amount in excess of $75,000.

WHEREFORE, plaintiff, Moran demands judgment against defendants Northeast Georgia, Pardue and McClung in an amount in excess of $75,000 plus interest, costs, attorney's fees and any other relief which this Court deems just.

**COUNT II – BREACH OF CONFIDENTIALITY AGREEMENT**
**(Against Defendants Lorin and Inner City Auto Repair LLC)**

50.     Paragraphs 1 through 49 above are hereby incorporated by reference as if fully set forth herein.

51.     Under Section 1 of the Confidentiality Agreement, Lorin agreed that he would not use Moran's confidential or proprietary information for any purpose other than in contemplation of purchasing a Mr. Transmission/Milex franchise. (*See* Ex. F).

52.     Lorin has breached the Confidentiality Agreement by utilizing Moran's confidential and proprietary information in his operation of the Competing Business.

53.     As a direct and proximate result of Lorin's breach of the Confidentiality Agreement, Moran has been damaged in an amount in excess of $75,000.

WHEREFORE, plaintiff, Moran demands judgment against defendants Samuel Lorin and Inner City Auto Repair LLC in an amount in excess of $75,000 plus interest, costs, attorney's fees and any other relief which this Court deems just.

**COUNT III – TORTIOUS INTERFERENCE OF CONTRACTUAL RELATIONSHIP**
**(Against Defendants Lorin and Inner City Auto Repair LLC)**

54.     Paragraphs 1 through 53 are hereby incorporated by reference as if fully set forth herein.

10

55.     The Franchise Agreement entered into between Northeast Georgia and Moran is a valid and existing contract and provides that Northeast Georgia may not transfer the Franchise Business until: (i) the purchaser has completed Moran's required training; (ii) the purchaser executes Moran's current form of Franchise Agreement; and (iii) the Transfer Fee is paid.

56.     Lorin had knowledge of Moran's transfer requirements.

57.     Lorin intentionally interfered with Moran's rights under the Franchise Agreement by wrongfully inducing Northeast Georgia to breach the Franchise Agreement.

58.     As a result of Lorin's wrongful interference, Northeast Georgia has breached the Franchise Agreement, which renders Northeast Georgia unable to perform its obligation under the Franchise Agreement.

59.     As a result of Lorin's actions, Moran has suffered damages in an amount in excess of $75,000.

WHEREFORE, plaintiff, Moran demands judgment against defendants Samuel Lorin and Inner City Auto Repair LLC in an amount in excess of $75,000 plus interest, costs, attorney's fees, punitive damages and any other relief which this Court deems just.

## COUNT IV – INFRINGEMENT
### (Against Defendants Lorin and Inner City Auto Repair LLC)

60.     Paragraphs 1 through 59 are hereby incorporated by reference as if fully set forth herein.

61.     Lorin continues to operate an unauthorized Franchise Business as an independent transmission and automotive repair shop under the name "Inner City Auto Repair", utilizing Moran's Propriety Marks, business systems, standards and specifications, and is still using the Telephone Numbers which were extensively advertised with Moran's Propriety Marks.  Lorin is

11

also issuing customers of the Competing Business Mr. Transmission work orders entitling them to the benefits of the Mr. Transmission and Milex Warranty Programs.

62.     Lorin's acts constitute infringement of federally registered service marks and trademarks in violation of 15 U.S.C. § 1114.

63.     As a direct and proximate result, Moran has suffered damage to its business, reputation and good will by Lorin's continued use of the Propriety Marks, business systems and Telephone Numbers in connection with his operation of the Competing Business and will cause Moran irreparable injury in that Moran will have difficulty franchising the Competing Business's trading area; business will be diverted from Moran and its authorized franchisees in the trading area; Moran's good will and reputation among its customers will be tarnished; the good will related to Moran's Proprietary Marks and business system will be diluted and taken from Moran's control; and Moran will lose profits and revenues which, because of Lorin's conduct, cannot be readily calculated.

64.     Unless Lorin's acts of trademark infringement are restrained and enjoined, Moran will be seriously and irreparably damaged.

WHEREFORE, plaintiff, Moran Industries, Inc. respectfully requests:

(1)     that defendants Samuel Lorin and Inner City Auto Repair LLC be preliminarily and permanently enjoined and restrained, from directly or indirectly:

> (a)     using service marks, trademarks, trade names or trade dress in connection with the advertisement, promotion, offering or rendering of services that imitate or simulate Moran's service marks, trademarks, trade name or trade dress;

> (b)     performing any actions or using any service marks; trademarks, trade names, trade dress, words, names, styles, titles, designs or marks that are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or public into believing that Lorin is authorized by Moran, or in some manner affiliated with or associated with, or under the supervision or

control of Moran, or that the goods and services originate with Moran; or are likely in any way to lead the trade or the public to associate Lorin with Moran;

(c)    using the Proprietary Marks or engaging in any other conduct that creates a likelihood of injury to the business reputation of Moran or a likelihood of misappropriation and dilution of Moran's distinctive Proprietary Marks and the good will associated therewith; and

(d)    using any trade practices whatsoever, including those complained of in this Complaint, that tend to unfairly compete with or injure Moran, its business and the goodwill appertaining thereto; and

(2)    judgment against defendants Samuel Lorin and Inner City Auto Repair LLC in an amount in excess of $75,000 plus interest, costs, attorneys' fees, and any other relief this Court may deem just.

## COUNT V - TRADEMARK DILUTION
### (Against Defendants Lorin and Inner City Auto Repair LLC)

65.    Paragraphs 1 through 64 are hereby incorporated by reference as if fully set forth herein.

66.    Moran's Proprietary Marks and proprietary materials constitute famous marks within the meaning of 15 U.S.C. § 1125(c).

67.    Upon information and belief, Lorin is intentionally trading off of Moran's reputation by issuing Mr. Transmission and Milex warranties to customers of the Competing Business and utilizing the Telephone Numbers advertised in connection with the Proprietary Marks and in the operation of the Competing Business.

68.    Lorin's actions are intended to cause dilution of the distinctive quality of Moran's Proprietary Marks and as a result tarnish the Proprietary Marks.

69.    As a direct and proximate result, Moran has suffered damage to its business, reputation and good will.

70.    Unless Lorin's acts are restrained and enjoined, Moran will be seriously and irreparably harmed.

WHEREFORE, plaintiff, Moran Industries, Inc, respectfully requests that:

(1)    defendants Samuel Lorin and Inner City Auto Repair LLC be preliminarily and permanently enjoined and restrained, from directly or indirectly:

(a)    using service marks, trademarks, trade names or trade dress in connection with the advertisement, promotion, offering or rendering of services that imitate or simulate Moran's service marks, trademarks, trade name or trade dress;

(b)    performing any actions or using any service marks; trademarks, trade names, trade dress, words, names, styles, titles, designs or marks that are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or public into believing that Lorin is authorized by Moran, or in some manner affiliated with or associated with, or under the supervision or control of Moran, or that the goods and services originate with Moran; or are likely in any way to lead the trade or the public to associate Lorin with Moran;

(c)    using any service marks, trademarks, trade names or trade dress or engaging in any other conduct that creates a likelihood of injury to the business reputation of Moran or a likelihood of misappropriation and dilution of Moran=s distinctive service mark, trademarks, trade name and trade dress and the good will associated therewith; and

(d)    using any trade practices whatsoever, including those complained of in this Complaint, that tend to unfairly compete with or injure Moran, its business and the goodwill appertaining thereto; and

(2)    judgment against defendants Samuel Lorin and Inner City Auto Repair LLC in a sum in excess of $75,000, plus interest, costs, and attorneys' fees, as well as any other relief as this Court deems just.

## COUNT VII – COMMON LAW INFRINGEMENT
**(Against Defendants Lorin and Inner City Auto Repair LLC)**

14

71.     Paragraphs 1 through 70 are hereby incorporated by reference as if fully set forth herein.

72.     Lorin continues to unlawfully operate the unauthorized Franchise Business as an independent transmission and automotive repair shop under the name "Intercity Auto Repair", utilizing Moran's Proprietary Marks, business systems, standards and specifications, and the Telephone Number which was extensively advertised with Moran's Propriety Marks.  Lorin is also unlawfully issuing customers of the Competing Business Mr. Transmission work orders, entitling them to the benefits of the Mr. Transmission and Milex  Warranty Programs.

73.     Lorin's above-averred acts constitutes infringement in violation of common law.

74.     As a direct and proximate result, Moran has suffered damage to its business, reputation and good will by Lorin's continued use of the Proprietary Marks, business systems, and the Telephone Numbers in the operation of the Competing Business and will cause Moran irreparable injury in that Moran will have difficulty franchising the Competing Business's trading area; business will be diverted from Moran and its authorized franchisees in the trading area; Moran's good will and reputation among its customers will be tarnished; the good will related to Moran's Proprietary Marks and business systems will be diluted and taken from Moran's control; and Moran will lose profits and revenues which, because of Lorin's conduct, cannot be readily calculated.

75.     Unless Lorin's acts of trademark infringement are restrained and enjoined, Moran will be seriously and irreparably damaged.

WHEREFORE, plaintiff, Moran Industries, Inc., demands:

(1)     that defendants Samuel Lorin and Inner City Auto Repair LLC be preliminarily and permanently enjoined and restrained, from directly or indirectly:

(a)     using service marks, trademarks, trade names or trade dress in connection with the advertisement, promotion, offering or rendering of services that imitate or simulate Moran's service marks, trademarks, trade name or trade dress;

(b)     performing any actions or using any service marks; trademarks, trade names, trade dress, words, names, styles, titles, designs or marks that are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or public into believing that Lorin is authorized by Moran, or in some manner affiliated with or associated with, or under the supervision or control of Moran, or that the goods and services originate with Moran; or are likely in any way to lead the trade or the public to associate Lorin with Moran;

(c)     using the Proprietary Marks or engaging in any other conduct that creates a likelihood of injury to the business reputation of Moran or a likelihood of misappropriation and dilution of Moran's distinctive Proprietary Marks and the good will associated therewith; and

(d)     using any trade practices whatsoever, including those complained of in this Complaint, that tend to unfairly compete with or injure Moran, its business and the goodwill appertaining thereto; and

(2)     judgment against defendants Samuel Lorin and Inner City Auto Repair LLC in an amount in excess of $75,000 plus interest, costs, attorneys' fees, and any other relief this Court may deem just.

### COUNT VIII – COMMON LAW UNFAIR COMPETITION
#### (Against Defendants Lorin and Inner City Auto Repair LLC)

76.     Paragraphs 1 through 75 are hereby incorporated by reference as if fully set forth herein.

77.     Lorin's acts constitute infringement and unfair competition in violation of common law.

78.     As a direct and proximate result, Moran has suffered damage to its business, reputation and good will.

16

79.    Unless Lorin's acts of trademark infringement and unfair competition are restrained and enjoined, Moran will be seriously and irreparably damaged.

WHEREFORE, plaintiff, Moran Industries, Inc., demands:

(1)    that defendants Samuel Lorin and Inner City Auto Repair LLC be preliminarily and permanently enjoined and restrained, from directly or indirectly:

(a)    using service marks, trademarks, trade names or trade dress in connection with the advertisement, promotion, offering or rendering of services that imitate or simulate Moran's service marks, trademarks, trade name or trade dress;

(b)    performing any actions or using any service marks; trademarks, trade names, trade dress, words, names, styles, titles, designs or marks that are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or public into believing that Lorin is authorized by Moran, or in some manner affiliated with or associated with, or under the supervision or control of Moran, or that the goods and services originate with Moran; or are likely in any way to lead the trade or the public to associate Lorin with Moran;

(c)    using the Proprietary Marks or engaging in any other conduct that creates a likelihood of injury to the business reputation of Moran or a likelihood of misappropriation and dilution of Moran's distinctive Proprietary Marks and the good will associated therewith; and

(d)    using any trade practices whatsoever, including those complained of in this Complaint, that tend to unfairly compete with or injure Moran, its business and the goodwill appertaining thereto; and

(2)    judgment against defendants Samuel Lorin and Inner City Auto Repair LLC in an amount in excess of $75,000 plus interest, costs, attorneys' fees, and any other relief this Court may deem just.

## <u>COUNT IX – VIOLATION OF ILLINOIS TRADE SECRETS ACT</u>
### (Against All Defendants)

80.    Paragraphs 1 through 79 are hereby incorporated by reference as if fully set forth herein.

17

81.    Moran is the owner or proprietary information, including its Propriety Marks, Operations Manual, and proprietary business system and software.  This proprietary information constitutes trade secrets under the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*

82.    The trade secrets were licensed to Northeast Georgia by Moran solely use in connection with the operation of the Franchise Business under the Franchise Agreement.

83.    Northeast Georgia unlawfully disclosed Moran's trade secrets to Lorin.

84.    Lorin has unlawfully used the trade secrets obtained from Northeast Georgia in the unauthorized operation of his Competing Business at the site of Northeast Georgia's former Mr. Transmission/ Milex franchise.

85.    Lorin's acts constitute an unlawful use of Moran's trade secrets and a misappropriation of a trade secrets under the Illinois Trade Secrets Act, §  765 ILCS 1065/1 *et seq.*

86.    As a direct and proximate result, Moran has suffered and continues to suffer damages to its business.

87.    Unless Lorin's acts are restrained and enjoined, Moran will be seriously and irreparably damaged.

WHEREFORE, plaintiff, Moran Industries, Inc., demands:

(1)    defendants Samuel Lorin and Inner City Auto Repair LLC be preliminarily and permanently enjoined and restrained from directly or indirectly using Moran's Proprietary Marks, including the use of the Telephone Numbers advertised in connection with the Proprietary Marks, in the operation of the Competing Business; or from using service marks, trademarks, trade names or trade dress in connection with the advertisement, promotion, offering or rendering of retail services that imitate or simulate Moran's Proprietary Marks;

(2)    an order requiring Lorin to assign the Telephone Numbers to Moran;

18

(3)  an order requiring Lorin to immediately turn over to Moran all manuals, records, files, instructions, correspondence, all materials related to the operation of Northeast Georgia, Pardue and McClung's former Mr. Transmission/Milex franchise including, without limitation, all brochures, agreements, and any and all other materials relating to the operation of Northeast Georgia, Pardue and McClung's former Mr. Transmission/Milex franchise in Lorin's possession;

(4)  judgment against Lorin, in a sum in excess of $75,000, plus interest, costs, and attorneys' fees,

(5)  an award of exemplary damages pursuant to the Illinois Trade Secrets Act; and

(6)  any other relief as this Court deems just.

## COUNT X
## INJUNCTION TO RETURN THE TELEPHONE NUMBERS, OPERATIONS MANUALS AND PROPRIETARY MATERIALS
### (Against Defendants Lorin and Inner City Auto Repair LLC)

88.  Paragraphs 1 through 87 are hereby incorporated by reference as if set forth at length herein.

89.  Upon information and belief, upon the sale of the Franchise Business to Lorin, all of its assets were transferred to him, including the Telephone Numbers, Operations Manual, brochures, operating forms, and other materials relating to the operation of a Mr. Transmission/Milex franchise.

90.  Upon information and belief, upon receipt of the Telephone Numbers, Operations Manual, brochures, forms, and other materials relating to the operation of a Mr. Transmission/Milex franchise, Lorin continued to use the Telephone Numbers, Operations Manual, brochures, forms, and other materials relating to the operation of a Mr. Transmission/Milex franchise.

91.  As a result of his conduct, Lorin improperly gained possession of Moran's of the Telephone Numbers, Operations Manual and other proprietary materials.

19

92.     Lorin has refused to cease using the Telephone Number, Operations Manual or other proprietary manuals.

93.     Moran will be irreparably harmed if Lorin retains possession of the Telephone Numbers, Operations Manual and proprietary information, including Mr. Transmission and Milex works orders entitling customers of the Competing Business to Moran's national warranty program.

WHEREFORE, plaintiff, Moran Industries, Inc., demands:

(1)     that defendants Samuel Lorin and Inner City Auto Repair LLC be preliminarily and permanently enjoined and restrained from maintaining possession and using Moran's Telephone Numbers, Operations Manuals and proprietary information; and

(2)     an order requiring defendants Samuel Lorin and Inner City Auto Repair LLC to assign the Telephone Numbers to Moran.

Dated: April 7, 2007                    Respectfully submitted,

**MORAN INDUSTRIES, INC.**

By: s/ Andrew P. Bleiman
One of its Attorneys

Fredric A. Cohen (IL ARDC# 6198606)
Andrew P. Bleiman (IL ARDC# 6255640)
**CHENG COHEN LLC**
1101 West Fulton Market
Suite 200
Chicago, Illinois  60607
(312) 243-1701
fredric.cohen@chengcohen.com
andrew.bleiman@chengcohen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2008, a copy of the foregoing was filed electronically.

Notice of filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

 s/ Andrew P. Bleiman

ANDREW P. BLEIMAN (IL Bar No. 6255640)
Cheng Cohen LLC
1101 W. Fulton Market, Suite 200
Chicago, Illinois   60607
Telephone:  (312) 243-1717
Email:  andrew.bleiman@chengcohen.com