**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MORAN INDUSTRIES, INC.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **NORTHEAST GEORGIA** | )     No.     07-cv-6204 |
| **AUTOMOTIVE REPAIR GROUP LLC** | ) |
| **DEREK PARDUE,** | )     **Judge Hibbler** |
| **JAMES BRADLEY MCCLUNG,** | ) |
| **and SAMUEL LORIN,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S DAMAGES
AND ORDER OF JUDGMENT AGAINST SAMUEL LORIN**

NOW COMES, Plaintiff, Moran Industries, Inc. ("Moran"), for its memorandum in support of damages and order of judgment against Samuel Lorin. In support thereof, Moran submits the Declaration of Kristine Martens (attached hereto as Exhibit 1) and states as follows:

**INTRODUCTION**

Since approximately August 28, 2006, Samuel Lorin has willfully infringed on Moran's federally registered trademarks, service marks and trade names by operating an unlicensed and unauthorized Mr. Transmission/Milex Service Center which he calls Inner City Auto Repair[1] at 43 Piedmont, Winder, Georgia. Despite numerous requests to cease his wrongful conduct, Mr. Lorin continues to advertise the business as a Mr. Transmission and/or Milex service center.

As a result of Mr. Lorin's failure and refusal to cease his infringement, Moran filed this suit. Although Mr. Lorin was personally served with the summons and complaint, Mr. Lorin has

---

[1]     From a review of various advertisements for the center, it appears as if the center is sometimes listed as "Inter City Auto Repair."

1

failed to appear in this action.  Consequently, on March 27, 2008, Moran's motion for a default judgment was granted.  The default judgment against Mr. Lorin was entered on March 31, 2008.

Moran submits this Memorandum in support of its damages and order of judgment against Samuel Lorin.   As demonstrated herein and in the Declaration of Kristine Martens, Moran prays for the entry of judgment against Samuel Lorin for the following damages and relief:

A)     Pursuant to § 1117(a) of the Lanham Act, an award of monetary damages in the amount of $203,162.68, which represents the gross sales reasonably estimated to have been generated by Mr. Lorin at the unauthorized center from August 2006 to May 22, 2008.

B)     Pursuant to § 1117(a) of the Lanham Act, an award of Moran's reasonable attorneys' fees and costs incurred in this action in the amount of $13,311.01.

C)     An award of $57,052,42 representing the net present value of the royalties that Moran would have received under the Franchise Agreement from May 23, 2008 through the end of the franchise term with Northeast Georgia Automotive Repair but for Mr. Lorin's tortious interference with its contractual relationship.

D)     An award of $8,517.24 representing the net present value of contributions to the Advertising Fund due and owing under the Franchise Agreement from May 23, 2008 through the end of the franchise term with Northeast Georgia Automotive Repair but for Mr. Lorin's tortious interference with its contractual relationship.

E)     Pursuant to 15 *U.S.C.* § 1114 and 15 *U.S.C.* § 1125, an order that Samuel Lorin be permanently enjoined and restrained, from directly or indirectly:

(a)     using service marks, trademarks, trade names or trade dress in connection with the advertisement, promotion, offering or rendering of services that imitate or simulate Moran's service marks, trademarks, trade name or

trade dress;

(b)     performing any actions or using any service marks; trademarks, trade names, trade dress, words, names, styles, titles, designs or marks that are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or public into believing that Lorin is authorized by Moran, or in some manner affiliated with or associated with, or under the supervision or control of Moran, or that the goods and services originate with Moran; or are likely in any way to lead the trade or the public to associate Lorin with Moran;

(c)     using the Proprietary Marks or engaging in any other conduct that creates a likelihood of injury to the business reputation of Moran or a likelihood of misappropriation and dilution of Moran's distinctive Proprietary Marks and the good will associated therewith;

(d)     using any trade practices whatsoever, including those complained of in this Complaint, that tend to unfairly compete with or injure Moran, its business and the goodwill appertaining thereto; and

(e)     using the telephone number (770) 586-0474 in connection with the operation of a service center; and

F)     An order directing defendant Samuel Lorin to assign and/or transfer the telephone numbers (770) 586-0474 and (770) 867-2247 to Moran or any designee of Moran, and for an order directing Mr. Lorin to execute any and all such documentation necessary to effectuate such an assignment and/or transfer.

G)     An order directing Mr. Lorin to immediately turn over to Moran all manuals, records, files, instructions, correspondence, all materials related to the operation of Northeast Georgia Automotive Repair LLC, Derek Pardue and Bradley McClung's former Mr. Transmission/Milex franchise including, without limitation, all brochures, agreements, and any and all other materials relating to the operation of Northeast Georgia Automotive Repair LLC, Derek Pardue and Bradley McClung's former Mr. Transmission/Milex franchise.

3

<u>ARGUMENT</u>

**A.    MORAN IS ENTITLED TO RECOVER ALL GROSS PROFITS GENERATED FROM THE OPERATION OF THE UNAUTHORIZED CENTER BY MR. LORIN IN VIOLATION OF THE LANHAM ACT.**

Under the Lanham Act, a successful plaintiff is entitled "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." *15 U.S.C. § 1117(a)* (2008); *see also The Brannock Device Co., Inc. v. ABC Industries, Inc.*, 2006 U.S. Dist. LEXIS 64661, *19 (N.D. N.Y. Sep. 11, 2006) (court stated that the Lanham Act requires the plaintiff prove the defendant's sales); *Sparks Tune-Up Centers, Inc. v. Panchevre*, 1992 U.S. Dist. LEXIS 18396, *5 (N.D. Ill. Dec. 2, 1992) (court held that plaintiff was entitled to recover defendants' profits based on defendants' violation of the Lanham Act).

Courts have fashioned wide-ranging relief for a violation of the Lanham Act, allowing such remedies as a recovery of defendant's profits, an award of costs of the action, and attorneys' fees. *Sparks Tune-Up Centers, Inc. v. Panchevre*, 1992 U.S. Dist. LEXIS 18396 at *8-9. Such remedies do not require such a stringent burden of proof as a damages claim. *Id.* at 9. Indeed, such remedies do not even require proof of injury or damages. *Id.* These remedies flow not from the plaintiff's proof of this injury or damages, but from its proof of the defendant's unjust enrichment or the need for deterrence. *Id.* As the *Sparks Tune-Up Centers* court explained, this interpretation of the Lanham Act comports with the Seventh Circuit's repeated admonition that the trial court's primary function is to make violations of the Lanham Act unprofitable to the infringing party. *Id.* (internal quotations omitted).

In connection with an order awarding defendant's gross profits to plaintiff, the court shall assess such profits and damages or cause the profits and damages to be assessed under its

direction.[2]  *Id.* at 5.  A plaintiff is required to prove defendant's sales only.  *Id.*  When a court grants a motion for entry of a default judgment with respect to liability, it has two options: (1) it can hold a hearing to determine actual damages or (2) it can rely upon detailed affidavits and documentary evidence to establish damages.  *Brannock Device Co.*, 2006 U.S. Dist. LEXIS 64661 at *20.  Here, a hearing is not necessary because plaintiff has submitted the detailed Declaration of Kristine Martens, In-House Counsel for Moran, which sets forth the basis and foundation for the amount of gross profits to be awarded to plaintiff herein.

As detailed in Ms. Martens' Declaration, for the 10 weeks prior to its unauthorized transfer of the Franchise Business, Northeast Georgia Automotive Repair LLC generated an average of $2,208.29 gross sales per week at 43 Piedmont, Winder, Georgia (the same location as Mr. Lorin's unlicensed center), with an average weekly royalty fee of $154.58.  (Ex. 1).

Based on Moran's experience with this center's performance, the performance of other authorized franchisees in the State of Georgia and with franchise transfers, Moran reasonably expects that Mr. Lorin would achieve higher sales volume at 43 Piedmont, Winder, Georgia location than that which was being achieved by Northeast Georgia Automotive Repair LLC.  Ex. 1).

Moran reasonably expects that Mr. Lorin's unauthorized center at 43 Piedmont, Winder, Georgia which willfully, wrongfully and improperly used and continues to use Moran's Proprietary Marks would have achieved gross weekly sales of at least $203,162.68 [92 weeks x $2,208.29 (the amount previously generated by Northeast Georgia Automotive Repair LLC)] for the period August 2006 to May 2008.   (Ex. 1).  Accordingly, this Court should enter an order granting judgment in favor of Moran and against Samuel Lorin in the amount of $203,162.68 for

---

2      With regard to the issue of an award of Moran's reasonable attorneys' fees and costs incurred in this action, see Section B of this Memorandum below.

Mr. Lorin's violations of the Lanham Act.  *See Brannock Device Co.,* 2006 U.S. Dist. LEXIS

64661 at *19-21; *Sparks Tune-Up Centers*, 1992 U.S. Dist. LEXIS 18396 at *5.

> **B.    MR. LORIN'S INFRINGEMENT IS WILLFUL; THEREFORE, THIS COURT SHOULD AWARD PLAINTIFF'S REASONABLE ATTORNEYS' FEES AND COSTS INCURRED IN CONNECTION WITH THIS ACTION.**

Under the Lanham Act, in addition to actual damages, "[t]he court in exceptional cases

may award reasonable attorney fees to the prevailing party." 15 *U.S.C.* § 1117(a); *Brannock*

*Device Co.,* 2006 U.S. Dist. LEXIS 64661 at *24.   Where a defendant acts willfully, the

"exceptional case" requirement is satisfied.   *Id.*; *Sparks Tune-Up Centers*, 1992 U.S. Dist.

LEXIS 18396 at *12.

Here, Mr. Lorin's infringement has been willful and continues to this date.  Despite

several communications from Moran and its counsel and the filing of this lawsuit against Mr.

Lorin for infringement, Mr. Lorin continues to unlawfully use and infringe upon Moran's

Proprietary Marks.  (*See* Ex. 1).  Accordingly, his conduct is willful, intentional and improper.

Through May 19, 2008, Moran has incurred a total of $13,311.01 in reasonable attorneys'

fees, costs and expenses in this litigation.  (Ex. 1).  Therefore, pursuant to 15 *U.S.C.* § 1117(a),

this Court enter judgment in favor of Moran against Samuel Lorin in the amount of $13,311.01

for the reasonable attorneys' fees and costs which have been incurred in this action.

> **C.    THIS COURT SHOULD AWARD MORAN THE LOST FUTURE ROYALTIES AND ADVERTISING FUND CONTRIBUTIONS DUE AND OWING FOR THE REMAINING TERM OF THE FRANCHISE AGREEMENT WITH NORTHEAST GEORGIA AUTOMOTIVE REPAIR LLC CAUSED BY MR. LORIN'S TORTIOUS INTERFERENCE WITH ITS EXISTING CONTRACTUAL RELATIONSHIP.**

In Illinois, the elements of a tortious interference with contract claim are: (1) the

existence of a valid and enforceable contract between the plaintiff and a third party; (2) the

defendant's awareness of the contractual relationship; (3) the defendant's intentional and unjustified inducement of a breach of contract; and (4) damages from the breach. *Prince v. Zazove*, 959 F.2d 1395, 1397 (7th Cir. 1992). *Currie v. Danna*, 1994 U.S. Dist. LEXIS 12622 at *27 (N.D. Ill. Aug. 31, 1994). Mr. Lorin has been defaulted on plaintiff's claims for tortious interference with its contractual relationship.

As detailed in Ms. Martens' Declaration, Moran collects royalty fees from franchisees based on the gross sales of the authorized transmission service centers. (Ex. 1). In addition, Moran collects other fees from franchisees under the franchise agreement. (Ex. 1).

Pursuant to Section 11 of the Franchise Agreement between Moran and Northeast Georgia Automotive Repair Group, LLC, dated August 5, 2002 and Milex Co-Brand Addendum dated October 5, 2004, (collectively referred to as the "Franchise Agreement"), Moran is entitled to collect a royalty fee in the amount of 7% of gross sales of the franchise. (Ex. 1). For the 10 weeks prior to its unauthorized transfer of the Franchise Business, Northeast Georgia Automotive Repair LLC generated an average of $2,208.29 gross sales per week at 43 Piedmont, Winder, Georgia (the same location as Mr. Lorin's unlicensed center), with an average weekly royalty fee of $154.58. (Ex. 1).

Section 25(e) of the Franchise Agreement permits Moran to collect net present value of future royalties for the remaining term of the Franchise Agreement. (Ex. 1). The remaining term of the Franchise Agreement is 14.17 years. (Ex. 1).

Consistent with the prior sales volume achieved by Northeast Georgia Automotive Repair LLC, the net present value of the royalty amounts due and owing under the Franchise Agreement is $57,052,42, which sum is calculated by multiplying the estimated weekly royalty fee of $154.58 by 52 (to establish an average yearly royalty fee of $8,038.16), which is then multiplied by 14.17 (the number of years remaining on the 20-year term of the franchise agreement), and

then applying a 5% discount rate.  In addition, the net present value of contributions to the Advertising Fund due and owing under the Franchise Agreement from May 23, 2008 through the end of the franchise term with Northeast Georgia Automotive Repair is $8,517.24, which sum is calculated by multiplying the monthly Advertising Fund contribution of $100 by 12, which is then multiplied by 14.17 (the number of years remaining on the 20-year term of the franchise agreement), and then applying a 5% discount rate.  (Ex. 1).  As a direct and proximate result of Mr. Lorin's tortious interference with its contractual relationship, Moran has suffered damages in the amount of $66,569.66.

Based on the foregoing, this Court should enter judgment in favor of Moran and against Mr. Lorin on plaintiff's claim for tortious interference with a contractual relationship in the amount of $66,569.66.

### D.     THIS COURT SHOULD PERMANENTLY ENJOIN MR. LORIN'S CONDUCT.

Because Mr. Lorin has used and continues to use Moran's Proprietary Marks in violation of the Lanham Act (*see* Ex. 1), this Court has authority to enter injunctive relief pursuant to 15 *U.S.C.* § 1114 and 15 *U.S.C.* § 1125.

Pursuant to the Lanham Act, this Court should enter an order order that Samuel Lorin be permanently enjoined and restrained, from directly or indirectly:

> (a)     using service marks, trademarks, trade names or trade dress in connection with the advertisement, promotion, offering or rendering of services that imitate or simulate Moran's service marks, trademarks, trade name or trade dress;

> (b)     performing any actions or using any service marks; trademarks, trade names, trade dress, words, names, styles, titles, designs or marks that are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or public into believing that Lorin is authorized by Moran, or in some manner affiliated with or associated with, or under the supervision or control of Moran, or that the goods and services originate with Moran; or are likely in any way to lead the trade or the public to associate Lorin with

Moran;

(c)     using the Proprietary Marks or engaging in any other conduct that creates a likelihood of injury to the business reputation of Moran or a likelihood of misappropriation and dilution of Moran's distinctive Proprietary Marks and the good will associated therewith;

(d)     using any trade practices whatsoever, including those complained of in this Complaint, that tend to unfairly compete with or injure Moran, its business and the goodwill appertaining thereto; and

(e)     using the telephone number (770) 586-0474 in connection with the operation of a service center; and

Moreover, this Court should enter an order directing defendant Samuel Lorin to assign and/or transfer the telephone numbers (770) 586-0474 and (770) 867-2247 to Moran or any designee of Moran, and for an order directing Mr. Lorin to execute any and all such documentation necessary to effectuate such an assignment and/or transfer.

Finally, because Mr. Lorin has no license to use Moran's Proprietary Marks or materials, this Court should enter an order directing Mr. Lorin to immediately turn over to Moran all manuals, records, files, instructions, correspondence, all materials related to the operation of Northeast Georgia Automotive Repair LLC, Derek Pardue and Bradley McClung's former Mr. Transmission/Milex franchise including, without limitation, all brochures, agreements, and any and all other materials relating to the operation of Northeast Georgia Automotive Repair LLC, Derek Pardue and Bradley McClung's former Mr. Transmission/ Milex franchise in Mr. Lorin's possession.

## <u>CONCLUSION</u>

Based on the foregoing, Moran Industries, Inc. is entitled to the relief sought herein.

**WHEREFORE**, Plaintiff, Moran Industries, Inc., respectfully prays for the following:

A)      Pursuant to § 1117(a) of the Lanham Act, judgment in the amount of $203,162.68 in favor of Moran Industries, Inc. and against Samuel Lorin for gross profits from August 2008 to May 22, 2008;

B)      Pursuant to § 1117(a) of the Lanham Act, an award in favor of Moran Industries, Inc. and against Samuel Lorin for the reasonable attorneys' fees and costs incurred in this action in the amount of $13,311.01.

C)      Judgment in favor of Moran Industries, Inc. and against Samuel Lorin in the amount of $65,569.66 for lost future royalties and Advertising Fund contributions from May 23, 2008 through the end of the term of the franchise caused by Mr. Lorin's tortious interference with its contractual relationship.

D)      Pursuant to 15 *U.S.C.* § 1114 and 15 *U.S.C.* § 1125, an order that Samuel Lorin be permanently enjoined and restrained, from directly or indirectly:

   (a)      using service marks, trademarks, trade names or trade dress in connection with the advertisement, promotion, offering or rendering of services that imitate or simulate Moran's service marks, trademarks, trade name or trade dress;

   (b)      performing any actions or using any service marks; trademarks, trade names, trade dress, words, names, styles, titles, designs or marks that are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or public into believing that Lorin is authorized by Moran, or in some manner affiliated with or associated with, or under the supervision or control of Moran, or that the goods and services originate with Moran; or are likely in any way to lead the trade or the public to associate Lorin with Moran;

   (c)      using the Proprietary Marks or engaging in any other conduct that creates a likelihood of injury to the business reputation of Moran or a likelihood of misappropriation and dilution of Moran's distinctive Proprietary Marks and the good will associated therewith;

   (d)      using any trade practices whatsoever, including those complained of in this Complaint, that tend to unfairly compete with or injure Moran, its business and the goodwill appertaining thereto; and

   (e)      using the telephone number (770) 586-0474 in connection with the operation of a service center; and

E)      An order directing defendant Samuel Lorin to assign or transfer the telephone numbers (770) 586-0474 and (770) 867-2247 to Moran or any designee of Moran, and for an order directing Mr. Lorin to execute any and all such documentation necessary to effectuate such a transfer or assignment.

F)      An order directing Mr. Lorin to immediately turn over to Moran all manuals, records, files, instructions, correspondence, all materials related to the operation of Northeast Georgia Automotive Repair LLC, Derek Pardue and Bradley McClung's former Mr. Transmission/Milex franchise including, without limitation, all brochures, agreements, and any and all other materials relating to the operation of Northeast Georgia Automotive Repair LLC, Derek Pardue and Bradley McClung's former Mr. Transmission/ Milex franchise in Mr. Lorin's possession.

G)      For any and all further relief that this Court deems just and appropriate.

Dated: May 20, 2008                              Respectfully submitted,

                                                 **MORAN INDUSTRIES, INC.**

                                                 By:  s/ Andrew P. Bleiman
                                                        One of its Attorneys

                                                 Fredric A. Cohen (IL ARDC# 6198606)
                                                 Andrew P. Bleiman (IL ARDC# 6255640)
                                                 **CHENG COHEN LLC**
                                                 1101 West Fulton Market
                                                 Suite 200
                                                 Chicago, Illinois  60607
                                                 (312) 243-1701
                                                 fredric.cohen@chengcohen.com
                                                 andrew.bleiman@chengcohen.com

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 20, 2008, I electronically filed Plaintiff's Memorandum in Support of Damages and Order of Judgment against Samuel Lorin using the **CM/ECF system** and sent the aforementioned documents via U.S. First Class Mail, postage prepaid to the following:

James B. McClung
State Bar of Georgia No. 483678
The Law Office of James B. McClung
6 Concourse Parkway
Suite 2000
Atlanta, Georgia 30328
Telephone:  (770) 393-8900
Email:  bmcclung@spoonerlaw.com
*Pro se* and on behalf of Northeast Georgia Automotive Repair Group LLC

Derek Pardue, *pro se*
509 Avalon Road
Thomaston, Georgia 30286
Telephone:  (706) 938-0075
Email:  dpardue@charter.net


s/  Andrew P. Bleiman