# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORAN INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.:   07C   6204 |
| | ) | |
| NORTHEAST GEORGIA | ) | |
| AUTOMOTIVE REPAIR GROUP LLC, | ) | Judge Hibbler |
| DEREK PARDUE, JAMES BRADLEY | ) | Magistrate Judge Schenkier |
| McCLUNG, and SAMUEL LORIN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF KRISTINE MARTENS

I, Kristine Martens, pursuant to 28 U.S.C. § 1746, being duly sworn according to law, hereby states and declares as follows:

1.    I am the In-House Counsel for Moran Industries, Inc. ("Moran"). I submit this Affidavit in support of Moran's Memorandum in Support of Damages against Samuel Lorin and in advance of the May 22, 2008 prove-up hearing before this Court.

2.    I have personal knowledge of the facts set forth in this Affidavit and, if called upon to do so, could testify at trial consistent with these facts.

3.    I have been employed as In-House Counsel for Moran since 2005.

4.    Moran is an Illinois corporation with its principal place of business in Midlothian, Illinois.

5.    Moran is the franchisor of specialized transmission service centers known as "Mr. Transmission Service Centers" and of general automotive repair centers known as "Milex Tune Up & Brake Service Centers."

6.    Mr. Transmission is a retail store concept that specializes in the installation and servicing of automobile transmissions, and sales of related products and services.

7.    Milex is a retail store concept that specializes in general automotive repair services, and sales of related products and services.

8.    All Mr. Transmission and Milex shops are operated with standard formats, designs, systems, methods, specifications and procedures.

9.    Moran owns the trademarks, service marks and trade names "Mr. Transmission," "Milex" and other related trademarks, service marks, trade names, trade dress, copyrights, labels, designs, symbols and distinctive logos (the "Proprietary Marks").

10.    The "Mr. Transmission" and "Milex" marks have been registered by Moran on the Principal Register of the United States Patent and Trademark Office with Registration Nos. 0917866, 1602864 and 1610120.

11.    The telephone numbers (770) 586-0474 and (770) 867-2247 (the "Telephone Numbers") have been used in connection with the operation of the previously authorized franchised business at 43 Piedmont, Winder, Georgia.

12.    Mr. Lorin has failed and refused to execute a franchise agreement with Moran for the operation of the center at 43 Piedmont, Winder, Georgia.

13.    Mr. Lorin is the sole organizer of Inner City Auto Repair LLC. (*See* the Certificate of Organization of Inner City Auto Repair LLC attached hereto as Exhibit A).

14.    Mr. Lorin began operating the unauthorized franchised business at 43 Piedmont, Winder, Georgia on or about August 28, 2006.

15.    Moran and its attorneys have served at least three formal communications to Mr. Lorin concerning his improper and unauthorized operation of a Mr. Transmission/Milex Service Center and unauthorized use of the Proprietary Marks. (Copies of communications to Mr. Lorin are attached hereto as Exhibit B).

16.    Nevertheless, to date, Mr. Lorin falsely and improperly advertises his business without license to do so as an authorized Mr. Transmission/Milex Service Center on yellowbook.com, whitepages.com and Yahoo! Local online directory listings. (*See* copies of the aforementioned listings attached hereto as Group Exhibit C).

17.    In addition, Mr. Lorin falsely and improperly advertises his business without license to do so as Mr. Transmission in the 2008-2009 Yellow Book for Barrow & Jackson Counties and as a Mr. Transmission and Milex service center in "the Southern Pages" for 2007-2008 for Barrow & Jackson Counties. (*See* Group Exhibit D).

18.    Mr. Lorin continues to use the telephone number (770) 586-0474 to improperly advertise his business using Moran's Proprietary Marks.

19.    As the franchisor, Moran collects royalty fees from franchisees based on the gross sales of the authorized transmission service centers. In addition, Moran collects other fees from franchisees under the franchise agreement.

20.    Pursuant to Section 11 of the Franchise Agreement between Moran and Northeast Georgia Automotive Repair Group, LLC, dated August 5, 2002 and Milex Co-Brand Addendum dated October 5, 2004, (collectively referred to as the "Franchise Agreement"), Moran is entitled to collect a royalty fee in the amount of 7% of gross sales of the franchise. (A copy of the franchise agreement with Northeast Georgia Automotive Repair LLC is attached hereto as Exhibit E).

3

21.    For the 10 weeks prior to its unauthorized transfer of the Franchise Business, Northeast Georgia Automotive Repair LLC generated an average of $2,208.29 gross sales per week at 43 Piedmont, Winder, Georgia (the same location as Mr. Lorin's unlicensed center), with an average weekly royalty fee of $154.58.

22.    Section 25(e) of the Franchise Agreement permits Moran to collect net present value of future royalties for the remaining term of the Franchise Agreement. The remaining term of the Franchise Agreement is 14.17 (14 years, 2 months) years.

23.    Based on Moran's experience with this center's performance, the performance of other authorized franchisees in the State of Georgia and with franchise transfers, Moran reasonably expects that Mr. Lorin would achieve higher sales volume at 43 Piedmont, Winder, Georgia location than that which was being achieved by Northeast Georgia Automotive Repair LLC.

24.    Nevertheless, Moran reasonably expects that Mr. Lorin's unauthorized center at 43 Piedmont, Winder, Georgia which willfully, wrongfully and improperly used and continues to use Moran's Proprietary Marks would have achieved gross weekly sales of at least $203,162.68 [92 weeks x $2,208.29 (the amount previously generated by Northeast Georgia Automotive Repair LLC)] for the period August 2006 to May 2008.

25.    Furthermore, consistent with the prior sales volume achieved by Northeast Georgia Automotive Repair LLC, the net present value of the royalty amounts due and owing under the Franchise Agreement is $57,052,42, which sum is calculated by multiplying the estimated weekly royalty fee of $154.58 by 52 (to establish an average yearly royalty fee of $8,038.16), which is then multiplied by 14.17 (the number of years

4

remaining on the 20-year term of the franchise agreement), and then applying a 5% discount rate.

26.    In addition, the net present value of contributions to the Advertising Fund due and owing under the Franchise Agreement from May 23, 2008 through the end of the franchise term with Northeast Georgia Automotive Repair is $8,517.24, which sum is calculated by multiplying the monthly Advertising Fund contribution of $100 by 12, which is then multiplied by 14.17 (the number of years remaining on the 20-year term of the franchise agreement), and then applying a 5% discount rate.

27.    Through May 19, 2008, Moran has incurred a total of $13,311.01 in reasonable attorneys' fees, costs and expenses in this litigation.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 20, 2008

Kristine Martens
In-House Counsel
Moran Industries, Inc.